# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3765 | **DATE** | 6/1/2012 |
| **CASE TITLE** | Anaeme vs. United States et al. | | |

**DOCKET ENTRY TEXT**

The motion to proceed *in forma pauperis* is denied without prejudice. Plaintiff's complaint is dismissed without prejudice as frivolous. If Plaintiff wishes to amend his complaint, he may do so in compliance with the directions given below. Failure to amend within 30 days, or submission of a similarly incoherent, frivolous complaint will result in dismissal with prejudice.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff's seeks permission to file his complaint *in forma pauperis*. For the following reason, the motion is denied and the complaint is dismissed without prejudice. If Plaintiff chooses to amend his complaint, he must do so within 30 days of entry of this order or the complaint will be dismissed with prejudice.

To permit Anaeme to proceed *in forma pauperis*, the Court must find two things: (1) that Anaeme cannot pay the costs of the case; and (2) that the case is not frivolous or brought in bad faith. 28 U.S.C. § 1915(a), (e). The Court will dismiss the case if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id*. § 1915(e)(2)(B). The Court liberally construes *pro se* filings, including applications to proceed *in forma pauperis. See Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989).

To begin, the Court cannot assess Mr. Anaeme's financial ability to pay the costs of the case because he did not completely fill out the court's *in forma pauperis* application. Specifically, question 4.g. was left blank. Additionally, he has averred he has literally no means of financial support: No income, no Social Security, no welfare, nothing. The only income he admits to is gifts (question 4.e. on the application) of "varies [sic] and minimal – bus and trolley fares."

As a non-incarcerated person, Mr. Anaeme must have some way of obtaining food, shelter and clothing on a day-to-day basis. He must specify what that means is. If Plaintiff chooses to amend his complaint, he must give a complete picture of his finances or pay the filing fee. Failure to supply a realistic financial picture will result in denial of the application for *in forma pauperis*.

Moreover, the complaint is frivolous.

It is nearly impossible to make out what Anaeme's grievances are, but at least one of them appears related to

|**STATEMENT**|

the 2007 denial of transfer of his pharmacy license to the state of Maine.

The caption of the complaint alone stretches 25 pages; most of the Defendants have no obvious connection to this district or state. Anaeme, who lists San Diego, California on his appearance form, sues parties in San Diego, California; Augusta, Maine; Portland, Maine and various other locales. Because the complaint does not list events or transactions occurring here in regards to those parties, there are obvious problems with personal jurisdiction. There are, however, some parties from Illinois listed: the National Association of Boards of Pharmacy ("NABP") of Mount Prospect, Illinois and its individual board members. A Lombard, Illinois bus transportation company is also named, but bears no apparent relation to the pharmacy issue (a problem of joinder, which will be discussed below).

Next, the subject matter jurisdiction of this Court is in doubt as well. Plaintiff claims jurisdiction under 28 U.S.C. § 1331, which deals with actions arising under the Constitution, laws or treaties of the United States, but his claims, as captioned by headings, appear to be state law claims, such as negligence, conspiracy, and intentional infliction of emotional distress. One count, however, is for "disparate treatment," which this court will construe broadly as a § 1983 claim for violation of his Equal Protection rights under the Fourteenth Amendment. However, none of the Defendants over which this Court might have personal jurisdiction (NABP, its board members) are state actors.

As to other possible federal jurisdiction complaints, Plaintiff alleges he is a member of a protected class, "black male of African origin." (Def.'s Compl., 25) but there is no allegation of racial discrimination as far as the Court can tell.

The only other possible cause of action that would be a federal question involves Plaintiff's invocation of the Federal Tort Claims Act. The United States is a named Defendant, but nowhere in the complaint does Plaintiff say how the U.S. Government is involved in his grievances, or what exactly the federal government did wrong.

Finally, there are obvious problems of joinder under Federal Rule of Civil Procedure 20(a)(2)(A). Disparate parties bearing no conceivable relation to one another are named. For instance, the pharmacy board parties in Illinois are named as well as random bus drivers and psychiatrists in San Diego. The complaint does not state how these parties could be joined in a cause of action "arising out of the same transaction, occurrence, or series of transactions or occurrences," nor does the Court believe they rationally can be.

In conclusion, if the Plaintiff wishes to proceed, he must drop the parties over which this Court does not have personal jurisdiction (which appears to be the overwhelming majority of 25 pages of parties named), pick only the causes of action that arise out of the same transaction, state how this Federal Court has subject matter jurisdiction, and state a plausible cause of action with at least some specific facts.

Plaintiff has 30 days to amend his complaint. If a similarly incoherent complaint is filed, it will be dismissed with prejudice.